# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| QUINN BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV415-052 |
| BRANDON THOMAS; JUDGE JOHN MORSE; and MICHAEL DENNARD, | ) ) ) ) |
| Defendants. | ) ) |

## **REPORT AND RECOMMENDATION**

On March 16, 2015, the Court granted plaintiff Quinn Brown leave to proceed *in forma pauperis* ("IFP") and ordered him to return a copy of his Prison Trust Account Statement and a completed Consent to Collection of Fees form by April 15, 2015. Doc. 3. Brown failed to do so and the undersigned accordingly recommended dismissal of this case. Doc. 5. Prior to the district judge's consideration of that recommendation, Brown submitted the necessary IFP paperwork. *See* docs. 7 & 8. Because plaintiff ultimately (though belatedly) complied with the Court's order, the previous dismissal recommendation (doc. 5) is VACATED. A preliminary merits review of Brown's complaint, however,

reveals that it is frivolous on its face and must be dismissed prior to service.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all suits filed by prisoners or detainees for the purpose of identifying claims that are subject to immediate dismissal because they are frivolous or malicious, fail to state a claim for relief, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A (which applies to prisoner/detainee complaints against governmental entities or officials, whether plaintiff is proceeding IFP or has paid the filing fee); 28 U.S.C. § 1915(e)(2)(B) (imposing the same dismissal obligation as to any case filed IFP, whether by a prisoner/detainee or any other "person"); 42 U.S.C. § 1997e(c)(1) (imposing the same dismissal obligation as to "any action brought with respect to prison conditions"). On initial screening of a prisoner complaint, only "cognizable claims" may be allowed to proceed. 28 U.S.C. § 1915A(b). All three statutory provisions contemplate the dismissal of non-cognizable claims prior to service of process upon any defendant. § 1915A (requiring screening "before docketing if feasible or . . . as soon as practicable after docketing"); § 1915(e)(2) (requiring

2

dismissal "at any time" the court determines the suit to be factually or legally insubstantial); § 1997e(c)(1) (requiring dismissal of insubstantial claims on the court's "own motion").

Brown is currently a detainee at the Chatham County Jail facing "still pending" state criminal charges. Doc. 1 at 2, 3. He has brought this 42 U.S.C. § 1983 action against his court-appointed lawyer, a state court judge, and the assistant district attorney who is prosecuting him. *Id.* at 1. The only claim asserted in his complaint is that his defense attorney waived his right to a preliminary hearing without his knowledge or consent. *Id.* at 5. As relief, he seeks the dismissal of the state criminal case.

Brown, thus, would have this Court shut down an ongoing state criminal prosecution because his lawyer performed deficiently on a single occasion (and despite any allegation that he suffered any prejudice as a result of that alleged error). While a federal court has the power to grant both injunctive and declaratory relief to a person whose state prosecution violates his federally protected rights, *Younger v. Harris*, 401 U.S. 37, 45 (1971), the fundamental structure of our State and National Governments precludes the exercise of that power "'except under

3

extraordinary circumstances.'" *Id.* at 45 (citation omitted); *id.* at 43 ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). Even an accused's showing of "irreparable injury" as a result of the state prosecution is insufficient to warrant a federal court's intervention unless the threatened injury is "'both great and immediate'" *and* is "one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46 (citation omitted). Thus, "'[t]he accused should first set up and rely upon his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection.'" *Id.* at 45; *Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. Mar. 13, 2013) (unpublished) ("'respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights.'").[1]

Brown's claim that his public defender waived his right to a preliminary hearing without his permission does not assert the type of

---

[1] In *Boyd*, the Eleventh Circuit upheld this Court's *sua sponte* dismissal of a § 1983 complaint based upon its judicial notice of an ongoing state misdemeanor prosecution and its finding that the plaintiff would "have an opportunity to raise his constitutional claims in state court." *Id.*

4

state prosecutorial abuse or harassment that would justify the extraordinary relief that he is seeking from this Court -- the outright dismissal of the state criminal proceedings. Claims of ineffective assistance of counsel are routine and incidental to criminal proceedings "'brought lawfully and in good faith.'" *Younger*, 401 U.S. at 49 (citation omitted). As the state court is fully capable of addressing the alleged violation of Brown's constitutional rights, this Court must abstain from exercising jurisdiction over the pending state criminal case.

Additionally, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Where, as here, a state prisoner or detainee seeks immediate or speedier release from custody as relief, "his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. While a state pretrial detainee may seek habeas relief pursuant to 28 U.S.C. § 2241, all habeas petitioners must first exhaust their state court remedies. *Wilkinson*, 544 U.S. at 79 ("habeas corpus actions require petitioner fully to exhaust state remedies, which § 1983 does not"); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (the exhaustion requirement codified in §

2254(b) applies to all habeas corpus actions, including § 2241 petitions); *Thomas v. Crosby*, 372 F.3d 782, 786 (11th Cir. 2004) (Tjoflat, J., concurring). If Brown wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Again, however, any such petition would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

Meanwhile, it is time for Brown to pay his filing fee. His furnished account information shows that he has had funds in his prison account during the past five months. Doc. 8 ($9.75 average monthly balance for the last five months, with a $93.65 average monthly deposit). He therefore owes an initial partial filing fee of $18.73. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $18.73 from Brown's account and remit it to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Report and Recommendation and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Report and Recommendation.

**SO REPORTED AND RECOMMENDED** this 31st day of August, 2015.

_/s/ M. Smith_
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**